UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

WILLIAM D. NOEL,
    Plaintiff,

v.

WAL-MART STORES EAST, L. P.
    Defendant

CASE NO. 2:17-CV-125-wks

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through its attorney, Craig Weatherly, Esq., hereby complains of Defendant and alleges as follows:

#### Parties

1. Plaintiff is a resident of Chittenden County.

2. Defendant is, upon information and belief, a Delaware limited partnership, qualified to do business in Vermont.

#### General Allegations

3. In August 2013, Defendant employed Plaintiff in the position of Pharmacist Manager in its St. Albans business location.

4. Plaintiff's performance in this position was at all times satisfactory in all material respects.

1

5. On or about April 8, 2016, Defendant announced through its department of Health and Wellness Operations that new hires in Plaintiff's position, and related pharmacy positions, would have to be certified to administer immunizations on and after April 16, and that incumbents would have to be so certified by October 16. This was not an essential function of Plaintiff's position. It had not been required in Plaintiff's position when he was hired, nor was it required at any time thereafter prior to April 8.

6. Plaintiff has a medical condition, Trypanophobia, that expresses itself in an extreme fear of needles. As a result of this condition, Plaintiff is unable to administer immunizations that involve subcutaneous injections. Defendant recognized this condition as a disability within the meaning of 21 V.S.A. § 495d, and considered that it substantially limits Plaintiff with respect to a major life activity.

7. Plaintiff sought exemption from this alteration of his job description, and was referred to Defendant's seven step process for securing an accommodation. Plaintiff followed those steps and, on or about June 12, 2016, he completed and submitted a "Confidential-Request for Accommodation Form" of Defendant's design, stating that he "can not [sic] give immunizations due to Trypanophobia."

8. In connection with pursuit of the process described in the preceding paragraph, Plaintiff submitted medical documentation of his condition, on a "Confidential-Accommodation Medical Questionnaire" form of Defendant's design, in which Plaintiff's treating physician described his condition as chronic, and requested that Plaintiff be permitted to "do all of his job functions except administering vaccines."

9. By letter dated July 19, 2016, Defendant granted the accommodation Plaintiff had requested, without qualification or condition. In doing so, Defendant acknowledged that

Plaintiff was capable of performing the essential functions of his position, and that it was reasonably accommodating his disability. Plaintiff's job description was not thereafter revised.

10. On October 18, 2016, Plaintiff participated in a telephone conference with Defendant's Health and Wellness Director, and its Accommodation Service Center Manager. During this telephone conference, Defendant's representatives stated that Plaintiff would have to be certified to administer immunizations to continue in his position.

11. Defendant knew at the time of that telephone conference that Plaintiff was unable to administer immunizations, and knew that it had granted Plaintiff an accommodation excusing him from having to do so.

12. By letter dated October 19, 2016, Defendant, acting through the Accommodation Service Center that had earlier granted the accommodation Plaintiff requested, constructively terminated Plaintiff's employment by requiring that he become certified to administer immunizations as a condition of retaining his employment.

## Count I-Breach of Contract

13. Plaintiff incorporates by reference as though set forth with particularity the allegations contained in paragraphs 1 through 12 of this complaint.

14. Plaintiff's contract of employment with Defendant included, as of July 19, 2016, an exemption from the requirement, announced on April 8, 2016, that he be certified to administer immunizations involving subcutaneous injections.

15. In breach thereof, Defendant constructively terminated Plaintiff's employment on October 19, 2016, by requiring that he become certified to administer such immunizations.

3

16. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered economic loss, emotional distress, and such other damages as shall be found by the jury upon trial.

## Count II-Wrongful Discharge

17. Plaintiff incorporates by reference as though set forth with particularity the allegations contained in paragraphs 1 through 16 of this complaint.

18. Defendant is a qualified individual with a disability. Defendant recognized him as such, granted him an accommodation with regard to his disability that it deemed to be reasonable, and then willfully refused to honor that accommodation.

19. In doing so, Defendant unlawfully failed to accommodate his disability, and terminated his employment.

20. Alternatively, Defendant discriminated against Plaintiff on account of his inability to perform a non-essential function of his position, which inability Defendant knew to be caused by a physical or mental impairment within the meaning of 21 V.S.A. § 495d.

21. Defendant's conduct constitutes constructive discharge, failure to accommodate Plaintiff's disability, unlawful discrimination and wrongful discharge in violation of 21 V.S.A. § 495, by reason of which Plaintiff has suffered economic loss, emotional distress, and such other damages as shall be found by the jury upon trial.

## Count III-Violation of Public Policy

22. Plaintiff incorporates by reference as though set forth with particularity the allegations contained in paragraphs 1 through 21 of this complaint.

23. It is contrary to the public policy of Vermont for employers to grant accommodations required by those similarly situated to Plaintiff, and then refuse to honor such accommodations, resulting in constructive discharge.

24. As a consequence of Defendant's breach of this public policy, Plaintiff has been constructively discharged and has suffered economic loss, emotional distress, and such other damages as shall be found by the jury upon trial.

## Count IV-Promissory Estoppel

25. Plaintiff incorporates by reference as though set forth with particularity the allegations contained in paragraphs 1 through 24 of this complaint.

26. Defendant established a procedure for employees, such as Plaintiff who suffers a disability, to follow when they require accommodations to perform their jobs.

27. In reliance on the procedure established by Defendant, Plaintiff completed all the required forms, provided the required medical documentation, and was granted exemption from the newly added requirement of his position as Pharmacist Manager that he be certified to administer immunizations.

28. Defendant is estopped from denying the accommodation it granted to Plaintiff.

29. In denying the accommodation Defendant granted to Plaintiff, Defendant constructively discharged him.

30. As a direct and proximate consequence of Defendant's dishonoring of its procedures for securing an accommodation, Plaintiff has suffered economic loss, emotional distress, and such other damages as shall be found by the jury upon trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

WHEREFORE, Plaintiff prays that judgment be entered in his favor, awarding him damages as shall be found by the jury, attorney's fees as provided by statute, costs and such other and further relief as the Court may deem appropriate.

Dated: August 14, 2017

                                                Craig Weatherly, Esq.
                                              Attorney for Plaintiff
                                              11 Southwind Drive
                                              Burlington, VT 05401
                                              802-363-2450
                                              craigweatherly@aol.com